UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENARD BROOKS, JR.,<br><br>        Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>        Respondent. | No. 1:18-cv-00883-JLT (HC)<br><br>ORDER DENYING PETITIONER'S MOTION TO CONDUCT DISCOVERY<br><br>[Doc. 11] |

On July 2, 2018, the Court notified Petitioner that he had failed to name a proper respondent. (Doc. 9.) The Court granted Petitioner twenty-one days to file a motion to amend the name of respondent to avoid dismissal, and the Court is currently awaiting this filing before conducting further screening of the petition.

On July 11, 2018, Petitioner filed the instant motion to conduct discovery. (Doc. 11.) He seeks a number of documents, including: 1) The history of Vincente Guerrero, a latent print analyst with the Department of Justice, who had testified as a State expert witness; 2) Interviews of the bus technician Juan Sanchez; 3) Expert reviews of bus video; 4) All 9-1-1 calls pertaining to the crime and reports generated; 5) Interviews of Timothy Casagrande and Allison Casagrande; 6) We-Tip calls reporting crime; 7) Detective Benjamin Barnes and Vincent Alvarado interviews; and 8) All documents relating to the crime (photographs). (Doc. 11.) Petitioner provides no valid reason for conducting discovery, and discovery in any case would likely be futile. Therefore, the motion will

1

be DENIED.

**DISCUSSION**

"The writ of habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit." Riddle v. Dyche, 262 U.S. 333, 335-336 (1923); See, e.g., Keeney v. Tamayo-Reyes, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting). A habeas proceeding does not proceed to "trial," and "unlike the usual civil litigant in federal court, [a habeas corpus petitioner] is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 903-05 (1997); Harris v. Nelson, 394 U.S. 286, 295 (1969). Instead, modern habeas corpus procedure has the same function as an ordinary appeal. Anderson v. Butler, 886 F.2d 111, 113 (5th Cir. 1989); O'Neal v. McAnnich, 513 U.S. 440, 442 (1995) (federal court's function in habeas corpus proceedings is to "review errors in state criminal trials" (emphasis omitted)). Indeed, the United States Supreme Court has reaffirmed that, under AEDPA review, "evidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitations of § 2254(d)(1) **on the record that was before that state court**." Cullen v. Pinholster, 563 U.S. 170, 185 (2011) (emphasis supplied); see 28 U.S.C. § 2254(d)(1) (setting forth the applicable standard for federal habeas review as whether the state court adjudication was "contrary to" or an "unreasonable application" of "clearly established federal law").

As a result, a habeas petitioner does not have the right to inquire into all matters which are relevant to the subject matter involved in the pending action, whether admissible at trial or not. Harris, 394 U.S. at 297. "Such a broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding." Id. Elaborate discovery procedures would cause substantial delay to prisoners and place a heavy burden upon courts, prison officials, prosecutors, and police. Id. Although discovery is available pursuant to Rule 6, it is only granted at the Court's discretion and upon a showing of good cause. Bracy, 520 U.S. at 903-50; Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999); Rule 6(a) of the Rules Governing Section 2254. The Advisory Committee Notes to Rule 6 of the Rules Governing Section 2254 Cases emphasize that Rule 6 was not intended to extend to habeas corpus petitioners, as a matter of right, the Federal

| | |
|---|---|
| 1 | Rules of Civil Procedure's broad discovery provisions.  Rule 6, Advisory Committee Notes |
| 2 | (quoting Harris, 394 U.S. at 295).  Indeed, "[h]abeas is an important safeguard whose goal is to |
| 3 | correct real and obvious wrongs.  It was never meant to be a fishing expedition for habeas |
| 4 | petitioners to explore their case in search of its existence." Rich, 187 F.3d at 1067. |

Petitioner has failed to provide any reason for his discovery requests, let alone show good cause.  Moreover, any discovery would likely be futile insofar as the Court's review, under Pinholster, is limited under 28 U.S.C. § 2254(d)(1) to the record that was before the state court that adjudicated the claim on the merits.  See Runningeagle v. Ryan, 686 F.3d 758, 773 (9th Cir. 2012) (petitioner not entitled to conduct additional discovery, expand the record, or obtain an evidentiary hearing where the state court had adjudicated the claim on the merits). Therefore, the motion will be denied.

**ORDER**

For the foregoing reasons, Petitioner's motion for discovery (Doc. 11) is **DENIED**.

IT IS SO ORDERED.

Dated:  **July 12, 2018**          /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE

3