UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENARD BROOKS, JR.,<br><br>    Petitioner,<br><br>  v.<br><br>MARTIN BIDER,<br><br>    Respondent. | No. 1:18-cv-00883-JLT (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO CONDUCT DISCOVERY<br><br>[Doc. 14] |

On July 11, 2018, Petitioner filed a motion to conduct discovery in this case. The Court denied said motion on July 12, 2018. Petitioner filed the instant motion seeking reconsideration of the order denying discovery on July 23, 2018. For the same reasons stated in the order denying discovery, Petitioner's motion for reconsideration will be DENIED.

**DISCUSSION**

Petitioner is not seeking reconsideration of a final order or judgment. Thus, the Court must use its general discretionary authority to review and determine whether to revise its ruling. Wagoner v. Wagoner, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show

1

"new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Petitioner fails to meet the requirements for granting a motion for reconsideration. He does not present any newly discovered evidence; he has not shown that the Court committed clear error or the decision was manifestly unjust; and he does not claim there is an intervening change in the law. Further, he does not claim any new or different circumstances exist that did not exist with the prior motion. Rather, he contends that discovery and expansion of the record are necessary for review of his claims. However, as the Court stated in the order denying discovery, under AEDPA review, "evidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitations of § 2254(d)(1) **on the record that was before that state court**." Cullen v. Pinholster, 563 U.S. 170, 185 (2011) (emphasis supplied); see 28 U.S.C. § 2254(d)(1) (setting forth the applicable standard for federal habeas review as whether the state court adjudication was "contrary to" or an "unreasonable application" of "clearly established federal law"). Therefore, a federal court cannot consider an expanded record in determining whether the merits decision of a state court was objectively unreasonable under 28 U.S.C. § 2254(d)(1). Rogovich v. Ryan, 594 F.3d 1094, 1097 (9th Cir. 2012); Runningeagle v. Ryan, 686 F.3d 758, 773 (9th Cir. 2012) (petitioner not entitled to conduct additional discovery, expand the record, or obtain an evidentiary hearing where the state court had adjudicated the claim on the merits). At this point in time, habeas proceedings have only just commenced. The petition has not been fully briefed and the Court is not in a position to conduct a § 2254(d) review. To conduct a merits review, the Court requires the relevant state court record along with the decisions of the state courts, which the Court has directed Respondent to provide along with his response. If, based on the record that was before the state court, Petitioner establishes that the state court adjudication was contrary to or an unreasonable application of clearly established federal law, then he may seek further fact development without

the restrictions of § 2254(d).  <u>Johnson v. Finn</u>, 665 F.3d 1063, 1069 n.1 (9th Cir. 2011).

**ORDER**

Accordingly, Petitioner's motion for reconsideration (Doc. 14) is **DENIED**.

IT IS SO ORDERED.

Dated: **July 28, 2018**                              **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE