1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                     **EASTERN DISTRICT OF CALIFORNIA**
10
11 | RENARD BROOKS, JR., ) Case No.: 1:18-cv-00883-LJO-JLT (HC)
12 |         Petitioner, ) ORDER DENYING MOTION FOR
13 |    v.                ) RECONSIDERATION
14 | MARTIN BIDER,       ) (Doc. 36)
15 |         Respondent. )
16 |                     )

On May 30, 2018, Petitioner filed a Petition for Writ of Habeas Corpus. (Doc. 1.) On November 16, 2018, the magistrate judge entered findings and recommendations to deny the petition on the merits. (Doc. 27.) The Court adopted the findings and recommendations on January 8, 2019. (Doc. 30.) On December 27, 2019, Petitioner filed the instant motion for reconsideration. (Doc. 36.) For the reasons discussed below, Petitioner's motion will be DENIED.

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A

1

motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Petitioner fails to meet the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has certainly not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, petitioner has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, petitioner has not shown "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Rather, petitioner merely rehashes arguments he made before, or rephrases arguments based on the same premise, including claims regarding ineffective assistance of counsel, prosecutorial misconduct, judicial misconduct and false evidence. (See Doc. 36.) However, his arguments were already presented and considered by the court.

**ORDER**

Accordingly, the Court **ORDERS** that Petitioner's motion for reconsideration (Doc. 36) is **DENIED**.

IT IS SO ORDERED.

Dated: **January 27, 2020**   /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE